UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE ANDERSON, an individual

                Plaintiff,           Case No.
                                       Hon.
    v.

CROTHALL HEALTHCARE INC., a
foreign corporation,

                Defendant.

_____/

Joel B. Sklar (P38338)
LAW OFFICES OF JOEL B. SKLAR
Attorney for Plaintiff
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529 / 313-963-9310 (fax)
joel@joelbsklarlaw.com

_____/

## COMPLAINT AND JURY DEMAND

Plaintiff Michelle Anderson files this Complaint and Jury Demand against Defendant Crothall Healthcare Inc., a foreign corporation, and says:

1.    This is an action filed pursuant to the Fair Labor and Standards Act (FLSA), being 29 U.S.C. § 201 *et seq.*, and stems from Defendant Crothall Healthcare Inc., failure to pay Plaintiff Michelle Anderson her earned overtime.

When Plaintiff complained about her unpaid discharge, she was unlawfully disciplined and discharged.

2.      Plaintiff Michelle Anderson is a resident of Oakland County, Michigan and transacts business in this Judicial District.

3.      Defendant Crothall Healthcare Inc. ("Crothall") is a foreign corporation which transacts business in Wayne County, Michigan which is in this Judicial District.

*4.*      This Court has jurisdiction over Plaintiff's federal claims pursuant to *28 USC §1331.*

5.      Pursuant to *28 USC §1391* venue is proper in this Court as all the acts, transactions and events which give rise to this case all took place in Wayne County, Michigan which is in this Judicial Circuit.

## COMMON ALLEGATIONS

6.      Defendant Crothall provides, among other things, cleaning services to hospitals.

7.      On September 14, 2020, Plaintiff began her job with Defendant Crothall in environmental services (i.e., "Housekeeping") where her job was to track beds (DMC Sinai-Grace) so when a patient was discharged, their hospital room could be cleaned and used for another patient.

8.      Plaintiff was an hourly employee to whom none of the exemptions of the FLSA overtime provisions applied.

9.      Adesoji Adeyinka was Plaintiff's direct supervisor and Crothall' s "Director of Operations" for environmental services.

10.     In early November of 2020, Plaintiff informed Adesoji Adeyinka she had not received all of her earned overtime.

11.     Adeyinka was not pleased with Plaintiff and made his displeasure known to her.

12.     On or about November 14, 2020, Plaintiff sent Adeyinka an email about her unpaid overtime.

13.     On or about November 14, 2020, Plaintiff also emailed Cothrall Human Resources contact, Travis Leap, about her unpaid overtime.

14.     On November 22, 2020, Plaintiff again emailed Adeyinka about her unpaid overtime.

15.     On November 25, 2020, Plaintiff received a written discipline from Adeyinka despite the fact Plaintiff had violated no work rule or policy.

16.     On November 29, 2020, Plaintiff emailed Cothrall Human Resources contact Travis Leap and, among other things, informed him of Adeyinka's retaliation in response to her complaints about her unpaid overtime.

17.     On November 30, 2020, Plaintiff emailed Leap about the unlawful disciplines issued by Adeyinka and told Leap Adeyinka *"is trying to fire me with know [sic] just cause other than not giving me the hours I worked for."*

18.     On December 14, 2020, Plaintiff was written up for another bogus violation and discharged.

19.     As of the date of filing, Plaintiff had not received her unpaid overtime.

## COUNT I

### UNPAID WAGES AND OVERTIME UNDER
### THE FAIR LABOR STANDARDS ACT (FLSA)

20.     Plaintiff reasserts each of the above allegations, word for word and paragraph for paragraph.

21.      Defendant Crothall is engaged in commerce as defined in *29 USC §§ 206(a)* and *207(a),* and otherwise subject to wage and hour provisions of Federal law.

22.     The FLSA, *29 U.S.C. § 201 et seq.*, applied to Plaintiff through her employment with Defendant Crothall, her employer under the FLSA. There is no exception under the FLSA that allows Defendant Crothall to shirk its legal duty to honor the overtime provisions of the FLSA.

23.     Plaintiff was a non-exempt, hourly employee.

24.     Defendant Crothall was bound to pay, and Plaintiff was entitled to receive, minimum statutory rates of pay for all periods of employment, including

overtime pay.

25.     Defendant Crothall failed to pay Plaintiff overtime as required under the FLSA.

26.     Defendant Crothall's failure to pay Plaintiff overtime was an intentional or willful violation of Federal wage and hour laws.

27.     As a direct and proximate result of Defendant Crothall's actions described above, Plaintiff has suffered loss of income and is entitled to compensation, together with civil penalties, attorneys' fees, and all available legal and equitable remedies.

**COUNT II**

**RETALIATION IN VIOLATION OF THE FLSA**

28.     Plaintiff reasserts each of the above allegations, word for word and paragraph for paragraph.

29.     The FLSA prohibits retaliation against an employee, like Plaintiff, who raises a complaint about unpaid overtime. *29 U.S.C. § 215(a)(3)*.

30.     Plaintiff engaged in protected activity under the FLSA when she objected to Defendant Crothall's refusal to pay her overtime.

31.     Defendant Crothall knew about Plaintiff's objections because she told them verbally and in writing.

32.     Plaintiff suffered an adverse employment action under the FLSA when

Defendant Crothrall, through its agents and employees--Adeyinka and/or Leap-- unlawfully disciplined and discharged her because of her protected activity.

33.     A causal connection exists between Plaintiff's protected activity and the adverse employment actions identified above.

34.     Defendant Crothall's retaliatory discharge was willful and intentional.

35.     As a direct and proximate result of Defendant Crothall's violation of the FLSA, Plaintiff suffered economic and non-economic damages emotional distress, humiliation, mortification, embarrassment, loss of the enjoyments of life and other injuries that will continue through and beyond this litigation.

## DAMAGES

Plaintiff demands judgment against Defendant Crothall Healthcare Inc., including the following legal relief, in whatever amount she is found to be entitled:

A.     Actual damages;

B.     Exemplary damages;

C.     Statutory damages;

D.     Liquidated damages;

E.     Punitive damages;

F.     Any civil fine or penalty available under law;

G.     Interest; and

H.     Costs and statutory attorney fees.

6

Plaintiff demands judgment against Defendant Crothall Healthcare Inc. including the following equitable relief:

A. A declaratory judgment establishing that Defendant violated Plaintiffs' rights;

B. Reinstatement;

C. Disgorgement of profits;

D. An injunction prohibiting further unlawful acts;

E. Interest;

F. Costs and statutory attorney fees; and

G. Any other equitable relief appears appropriate.

Respectfully submitted,

*s/ Joel B. Sklar*
Joel B. Sklar (P38338)
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529
Attorney for Plaintiff
Joel@joelbsklarlaw.com

Dated:  March 10, 2021

7

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a jury trial of this cause of action.

Respectfully submitted,

*s/ Joel B. Sklar*

Joel B. Sklar (P38338)
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529
Attorney for Plaintiff

Dated:  March 10, 2021                        Joel@joelbsklarlaw.com

8